## TURNER vs. THURMOND.

A gift of a slave, if in writing, signed and sealed by the donor, attested by one subscribing witness, and proved or acknowledged, and recorded within twelve calendar months from its execution, is good against a subsequent purchaser, although he may be a purchaser without actual notice of the gift.

Trover, for two negroes, from Henry county. Tried before Judge CABANISS, at October Term, 1858.

Henry N. Pope, on the 22d day of November, 1841, executed a deed of gift, conveying to his infant son, Washington J. Pope, the following property, to-wit: "Eadey, a woman about twenty-two years of age ; Mahala, a woman about twenty years of age ; Jordan, a boy about sixteen years of age ; Jackson, a boy about thirteen years of age ;

Amanda, a girl about eight years of age; Phillis, a boy five years of age ; James, a boy four years of age ; Ann, a girl one year of age; also, one bureau, a clock, folding table, two pine tables, carriage and two horses, three beds and three bedsteads, a work-stand, and a candle-stand, thirteen painting frames, to have and to hold all and singular, the above negroes and other property hereby given, bargained and sold to the said Washington J. Pope, my son, as aforesaid, his heirs, executors, administrators and assigns forever, together with all and singular the increase of the said negroes, accruing or to accrue, for the individual use of my said son, Washington J. Pope, his heirs and assigns," &c.

The consideration of this gift is stated in the deed to be the natural love and affection which the donor bears to the donee, " and to provide for his education and support, and to promote his welfare and success in life." The deed was recorded 23d December, 1841, and at the time and until his death, the said Washington lived with his father, the donor, who remained in possession of the negroes sued for till his death. These negroes were Jim and Toby, children of Eady, one of the women named in the deed of gift, worth about one thousand dollars each. Washington J. Pope died young and under age, when, precisely, does not appear. His father, the donor, subsequently died intestate, and Edward F. Knott took out letters of administration on his estate, and obtained an order from the court of Ordinary, to sell all the negroes of the estate of said Henry N. Pope, deceased. By virtue of this order, the administrator sold the two negro boys in question, to Allen W. Turner, who purchased the same at public outcry—paid a full and fair price for them.

Afterwards, Thurmond, the defendant in error, took out letters of administration on the estate of Washington J. Pope, deceased, and brought this action of trover for the recovery of said slaves.

The court charged the jury that if Henry N. Pope conveyed the negroes in controversy by deed of gift to his son Washington J. Pope, and if the deed was signed and sealed and attested by at least one witness, and was proved and acknowledged, and recorded within twelve calendar months from its execution, it is good and valid against a subsequent purchaser from Henry N. Pope, or his administrator, without actual notice ; and if such be the proof in this case, they should find for the plaintiff.

The jury found for the defendant, and plaintiff moved to set aside the verdict and for a new trial, on the ground that the verdict was contrary to law, to the charge of the court, and to the evidence, and without evidence.

The court, after argument, granted the motion for a new trial, on the grounds therein stated, and defendant excepted.

L. T. DOYAL, and JNO. J. FLOYD, for plaintiff in error.

PEEPLES & CABANISS, and L. J. GLENN, contra.

By the Court.—BENNING, J., delivering the opinion.

Was the court right in granting the new trial? We think so.

The evidence brought the case within the Act of 1838, "to provide a mode of making gifts of slaves." The act is in these words : " That no gift of any slave or slaves, hereafter to be made, shall be good or available in law, or in equity, against the creditors of the donor, or subsequent purchasers from him, without actual notice, unless the same be made in writing, signed and sealed by the donor, attested by at least one subscribing witness, and should be proved or acknowledged, and be recorded within twelve calendar months from the execution thereof." Cobb, Dig. 176, and see 25 Ga., 17.

Consequently, the jury should have sustained the deed; and they not doing so, the court was right in granting a new trial.

Judgment affirmed.